# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2596 | **DATE** | 5/20/08 |
| **CASE TITLE** | Heriberto Rios (#2008-0003535) v. Cermak Health Services | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The court orders the trust fund officer at Cook County Jail to collect monthly payments from plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. Cermak Health Services is dismissed as a defendant. The clerk shall issue summonses, and the U. S. Marshal shall serve the other defendants. The clerk shall send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

*Suzanne B. Conlon*

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Heriberto Rios (#2008-0003535), a Cook County Jail detainee, has filed a 42 U.S.C. § 1983 complaint against several jail physicians, nurses, and health care directors. Plaintiff alleges that he obtained inadequate medical attention in 2007 for his bladder and testicular infection, which ultimately resulted in the loss of a testicle.

Plaintiff seeks to bring this suit *in forma pauperis*. According to plaintiff's *in forma pauperis* application, he has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that an inmate not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee and the trust fund office at plaintiff's current place of confinement shall notify authorities at any transferee facility in the event that he is transferred.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the

| | Courtroom Deputy Initials: | isk |
|---|---|---|

**STATEMENT**

Preliminary review, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed forward with his complaint against the defendants. Although it is not clear how each defendant was involved, the complaint, liberally construed, alleges claims of deliberate indifference to plaintiff's serious medical needs, such that the defendants must respond to the allegations in the complaint. However, Cermak Health Care Services is not a suable entity and is dismissed as a defendant. *See Manney v. Monroe*, 151 F. Supp.2d 976, 988 (N.D. Ill. 2001).

The United States Marshals Service is appointed to serve defendants Dr. Sergio Rodriguez, Dr Connie Manella, Dr, Defuniak, Dr. Tremel, Head Nurse Laury, Superintendent Nurse Mohammed, Nurse Garbo, Nurse Willis, Nurse McBride, Nurse Davis, Nurse Moss, and Nurse Jackie. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The court denies without prejudice plaintiff's motion for the appointment of counsel. Pro se civil litigants do not have a right to an attorney; however, this Court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Appointment of counsel is not warranted at this time. Plaintiff has not demonstrated that he has attempted unsuccessfully to obtain representation or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d at 656. Also, plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his competence, at least at this stage, to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Suzanne B. Conlon