# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2596 | DATE | 7/8/08 |
| CASE TITLE | Heriberto Rios (#2008-0003535) v. Cermak Health Services | | |

**DOCKET ENTRY TEXT:**

Plaintiff's request to add defendants to his case [11] is denied without prejudice. Plaintiff is advised that letters to the Court are not accepted and requests must be filed in the form of a motion.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

On May 20, 2008, the Court granted Plaintiff Heriberto Rios' motion to proceed *in forma pauperis*, and allowed his case to proceed against 12 named defendants (Cook County Jail physicians, nurses, and health care directors). Plaintiff alleges that he obtained inadequate medical attention in 2007 for his bladder and testicular infection, which ultimately resulted in the loss of a testicle. Summonses have issued, and the Court is waiting for service of the complaint on the defendants and for the defendants to enter an appearance. Plaintiff now requests to add additional defendants.

Although a plaintiff may amend his complaint as a matter of course without leave of court before defendants file a responsive pleading, *see* Fed. R. Civ. P. 15(a), an amended complaint supersedes a previously filed complaint and must stand complete on its own. The Court cannot refer to separate pleadings to determine plaintiff's claims or the defendants to a case. The amended complaint must therefore set forth all the claims the plaintiff seeks to raise and name all the defendants the plaintiff seeks to sue.

Furthermore, plaintiff's current request to add defendants does not state any claims against the defendants. A plaintiff must provide sufficient information in the complaint to put the defendants on notice of the claim being asserted against them individually and the grounds upon which each claim is based. Fed. R. Civ. P. 8(a). Also, the parties plaintiff now seeks to add as defendants appear to be supervisory officials. Supervisory officials are not liable for the wrongdoings of their subordinates under a respondeat superior theory, and a 42 U.S.C. § 1983 claim against a supervisory official must allege that the official was either personally involved or acted with deliberate indifference to a policy or custom that caused plaintiff's injuries. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). For these reasons, plaintiff's request to add defendants is denied without prejudice.

| | Courtroom Deputy Initials: | isk |
|---|---|---|